ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FRANK J. WILKINS,                              )
                                               )
                    Plaintiff,                 )
                                               )
vs.                                            )
                                               )        Case No. 02-3190-JAR
OREN SKILES, et al.,                           )
                                               )
                    Defendants.                )
_____)

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT IVERSON'S MOTION TO DISMISS

Frank Wilkins, proceeding *pro se*, seeks monetary damages, a declaratory judgment, and

injunctive relief against the following defendants: Oren Skiles, Chief of Police, Arkansas City, Kansas;

John Baucom, Detective, Arkansas City Police Department; Ed Santiago, Detective, Arkansas City

Police Department; Gary Foils, District Attorney, Cowley County, Kansas; and Karen Iverson, Clerk,

Cowley County District Court.  Defendant Iverson filed a Motion to Dismiss (Doc. 84), arguing, (1)

she is absolutely immune from suit for money damages, (2) the statute of limitations bars plaintiff from

suing her, (3) the suit is an improper collateral attack on a state court decision, and (4) she is entitled to

Eleventh Amendment Immunity in her official capacity.  (Doc. 85.)  Iverson attached her own affidavit

to the memorandum in support of the motion to dismiss.  (Doc. 85, Ex. 1.)  Attached to that exhibit are,

(1) a copy of plaintiff's Motion of Replevin received in the District Court of Cowley County, Kansas on

July 20, 2001 (Doc. 85, Ex. 1-A), and (2) a copy of a search warrant from Cowley County, Kansas

dated December 31, 1996.  (Doc. 85, Ex. A.)  Plaintiff responded to the motion to dismiss (Docs. 87-88), Iverson filed a reply (Doc. 89), and plaintiff filed a sur-reply (titled Second Reply), and a supplement to the sur-reply (titled Additional Citings Added to Plaintiff Frank Wilkins' Second Reply).[1] (Docs. 90, 92.)  The Court grants defendant Iverson's Motion to Dismiss because plaintiff has not alleged facts sufficient to support an official-capacity suit against Iverson or to support a suit for non-monetary damages, and because Iverson is absolutely immune from suit for money damages in her individual capacity.

## I.  Motion to Dismiss Standards

### *Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction*

There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332,  federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[2]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

---

[1]  The Court admonishes plaintiff that the local rules do not provide for written briefs to be considered after the reply memorandum is filed without prior leave of court.  *See* D. Kan. R. 6.1, 7.1, 15.1.

[2]  28 U.S.C. § 1367.

> The Federal Rules of Civil Procedures [sic] direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.". . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . . Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation. Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[3]

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[4]  Mere allegation of jurisdiction are not enough.[5]

### Fed. R. Civ. P. 12(b)(6): Failure to State a Claim upon which Relief may be Granted

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint and should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6]  When deciding a motion to dismiss, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff."[7]  Furthermore, the Court must construe *pro se* pleadings liberally and apply a less stringent standard than what is applicable to attorneys.[8]

---

[3] *Penteco Corp. v. Union Gas System,* 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[4] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[5] *Id.* at 798.

[6] *Callery v. U.S. Life Ins. Co.*, 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S .Ct. 99, 2 L. Ed. 2d 80 (1957)); *Martinez v. Roth*, 53 F.3d 342, 342 (10th Cir. 1995), *cert. denied*, 516 U.S. 1012, 116 S. Ct. 570, 133 L. Ed. 2d 494 (1995).

[7] *Martinez*, 53 F.3d at 342 (quoting *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987)).

[8] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

3

However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[10]

Defendant Iverson has attached three exhibits to her motion to dismiss.  Under Fed. R. Civ. P. 12(b), if a motion to dismiss for failure to state a claim presents matters outside the pleadings and are "not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[11]  Considering matters outside the pleadings on a motion to dismiss without converting it into a motion for summary judgment may be grounds for reversal unless dismissal would be justified anyway based on the complaint alone.[12]  Notwithstanding, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[13]  The Tenth Circuit has explained that if the rule were otherwise, a plaintiff with a deficient complaint could overcome a motion to dismiss simply by not attaching a dispositive document to the complaint.[14]  "When a complaint refers to a

---

[9]  *Id.*

[10]  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11]  Fed. R. Civ. P. 12(b).

[12]  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13]  *GFF Corp.*, 130 F.3d at 1384; *see Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

[14]  *GCF Corp.*, 130 F.3d at 1385.

document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates."[15]

The Court will consider only the copy of the Motion of Replevin filed by plaintiff in the Cowley County District Court in July 2001, attached to defendant's motion. This document provides the entire basis for plaintiff's claim against defendant Iverson; that is, that she intentionally failed to file the motion, in violation of his constitutional rights. Plaintiff does not dispute in his response that this document is an authentic copy of the original motion that he submitted for filing. In fact, plaintiff frequently refers to the document in his Second Amended Complaint, and his response to the motion to dismiss. The Court will not consider the other documents submitted with Iverson's motion, as they are matters outside the pleadings that would require the Court to convert the motion into one for summary judgment.

## II.  Background

Plaintiff, a state prisoner, alleges various civil rights violations against the defendants based on his contention that his personal property, including currency, was wrongfully seized in 1997 during a criminal investigation. He was subsequently convicted in state court after two jury trials, of burglary, theft, conspiracy to commit aggravated robbery, aggravated robbery, aggravated burglary, and kidnaping.[16]

In July 2001, plaintiff sent a Motion of Replevin pursuant to K.S.A. 60-1005 to the Cowley County District Court Clerk to be filed. The Clerk of the Cowley County District Court at that time

---

[15]  *Id.*

[16]  *See State v. Wilkins*, 269 Kan. 256, 7 P.3d 252, 258 (2000) (reciting procedural history of criminal case on direct appeal).

was Karen Iverson.  A county clerk is an official appointed by the chief judge of the judicial district.[17]

Plaintiff's Motion of Replevin included a case caption styled, "Frank J. Wilkins Plaintiff, vs John

Baucom, Det. Oren Skiles, Chief of Police, Arkansas City, Ks.  James Spring DA Cowley County,

Ks. Defendants," but there was no case number listed.  The document was also stamped "Received"

on July 20, 2001 in the District Court of Cowley, Kansas.  In that Motion of Replevin, plaintiff

requested return of personal property taken pursuant to a search warrant in the 1997 criminal matter.

Iverson did not file plaintiff's motion and did not return the motion to him.

In the Second Amended Complaint, plaintiff maintains that Iverson's failure to file his Motion of

Replevin blocked his access to the courts in "violation of the Fourth, Eighth, and Fourteenth

Amendments of the United States Constitutional Rights."  He seeks the following relief from this

defendant in her individual capacity: (1) a declaratory judgment that Iverson failed to file his motion,

which violated his rights under the Due Process Clause of the Fourteenth Amendment, (2) an injunction

that would require Iverson to file plaintiff's motion with the Cowley County Court, and (3) $50,000

compensatory damages, $20,000 punitive damages, and $5000 special damages for stress and duress.

On October 4, 2004, Magistrate Judge K. Gary Sebelius granted plaintiff's motion to amend his

complaint for the third time.  (Doc. 109.)  The Third Amended Complaint sought to add a claim against

defendant Iverson in her official capacity to the preexisting claim against her in her individual capacity.

Judge Sebelius ordered plaintiff to file his Third Amended Complaint with the court no later than

October 18, 2004.  Plaintiff failed to comply with this order and the time for doing so has passed.

Therefore, the applicable complaint against defendant Iverson is plaintiff's Second Amended

---

[17] K.S.A. 20-343.

Complaint; however, the Court will assess the official capacity claim against Iverson in this memorandum and order out of an abundance of caution.

### III.  Discussion

Under section 1983, a suit against a government official may be made to impose individual liability for actions taken under color of state law.[18]  In order to establish individual liability in a section 1983 suit, a plaintiff only need show that the official, "acting under color of state law, caused the deprivation of a federal right."[19]  A plaintiff who recovers damages on an individual-capacity claim may only execute the award against the official's personal assets.[20]  A defendant sued in her individual capacity may be able to assert personal immunity defenses such as absolute immunity.[21]

On the other hand, an official-capacity suit is another way of pleading an action against the governmental entity itself.[22]  In order to establish liability in an official-capacity suit, the entity itself must have been the "moving force" behind the alleged deprivation, so the entity's "policy or custom" must have contributed toward the constitutional violation."[23]  Alternatively, liability may be premised on a

---

[18]  *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).

[19]  *Id.* at 165, 105 S. Ct. at 3105.

[20]  *Id.*

[21]  *Id.*

[22]  *Id*.  The Supreme Court has explained that in an official capacity suit, death or replacement of the named official will automatically trigger substitution of the official's successor.  *Id.* at 166 n.11, 105 S. Ct. at 3105 n.11.

[23]  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978); *Graham*, 473 U.S. at 166, 105 S. Ct. at 3105.

violation of plaintiff's constitutional rights by an individual with final policymaking authority within the governmental entity.[24]  Personal immunity defenses are unavailable in official-capacity suits; however, a state or state official may claim Eleventh Amendment immunity.[25]

### Official-Capacity Claim

The Court finds that even if plaintiff timely amended his complaint to assert an official capacity claim against defendant Iverson, it fails for jurisdictional reasons.  As the District Court Clerk for Cowley County, Iverson is a state official who is not a person who can be sued under § 1983, as the Eleventh Amendment bars suit against her in her official capacity.  Applying the test set forth by the Tenth Circuit in *Duke v. Grady Municipal Schools*[26] establishes that district court clerks in Kansas are state officials.  First, Kansas state law clearly characterizes the district courts as arms of state government–part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals.[27]  The Kansas Constitution itself provides that the legislature "shall provide for clerks of the district courts."[28]  Additionally, the legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the

---

[24]  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1319 (10th Cir. 1998).

[25]  *Graham*, 473 U.S. at 167, 105 S. Ct. at 3106.

[26]  127 F.3d 972, 974 (10th Cir. 1997).  The two-part inquiry requires an examination of, (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing."  "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury."  *Id.* (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574-75 (10th Cir. 1996)) (internal quotations omitted).

[27]  *See generally* KAN. CONST. art. 3.

[28]  KAN. CONST. art. 3, § 6(c); *see also* K.S.A. 20-343.

district court with regard to district court officers or employees whose total salary is payable by counties."[29]  The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities.[30]  The clerk of the court is appointed by the chief judge of the district, undoubtedly a state officer.[31]  The Court finds that all claims against Iverson in her official capacity are barred by the Eleventh Amendment because she is a state official.

Even if this Court had jurisdiction over Iverson in her official capacity as district court clerk, plaintiff has not alleged facts sufficient to overcome a motion to dismiss under Fed. R. Civ. P. 12(b)(6). At no time does plaintiff allege in his proposed Third Amended Complaint that Cowley County had a policy or custom that was the moving force behind any constitutional violation.  Plaintiff similarly fails to allege that Iverson had final policy-making authority within the county or the clerk's office.

### Individual-Capacity Claim

1. Judicial Immunity

Iverson maintains that, as a state official, absolute judicial immunity shields her from having to pay monetary damages for any constitutional violation.  Iverson, as the proponent of an immunity claim, bears the burden of establishing justification for such immunity.[32]  Judicial immunity may extend to any

---

[29]  K.S.A. 44-575(a).

[30]  K.S.A. 20-162(a), (b).

[31]  *See Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1257 (D. Kan. 2004).

[32]  *Antoine v. Byers & Assocs.*, 508 U.S. 429, 432, 113 S. Ct. 2167, 2169, 124 L. Ed. 2d 391 (1993).

judicial officer "who acts to either '[1] resolv[e] disputes between parties or . . . [2] authoritatively adjudicat[e] private rights.'"[33] "Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved,"[34] or where their duties have an "integral relationship with the judicial process."[35]  The Tenth Circuit has previously found that court clerks "fall within the category of judicial officers who, through the performance of judicial acts, authoritatively adjudicate private rights."[36]

Here, accepting all well-pleaded facts in the complaint as true, Iverson willfully failed to file a Motion of Replevin that plaintiff sent to the Cowley County District Court to be filed.  Although there is no case on point in this circuit, the Court finds that the discretionary act of determining whether a submitted motion meets the filing requirements is a duty that is an integral part of the judicial process and constitutes performance of a judicial act as an aid of the judge.  This circuit has found judicial immunity for court clerks when determining whether to enter default judgment,[37] whether to enter a

---

[33] *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (quoting *Antoine*, 508 U.S. at 435-36, 113 S. Ct. at 2167).

[34] *Whitesel v. Sengenberger*, 222 F.3d 861, 867-68 (10th Cir. 2000).

[35] *Lundahl*, 296 F.3d at 939.

[36] *Id.* (internal quotations omitted); *see Coleman v. Farnsworth*, 90 Fed. Appx. 313, No. 03-3296, 2004 WL 339590, at *4 (10th Cir. Feb. 24, 2004); *Livingston v. Garcia*, 211 F.3d 1278 (Table), No. 99-4218, 2000 WL 488480, at *2 (10th Cir. Apr. 26, 2000); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) ("We note, however, that the filing of complaints and other documents is an integral part of the judicial process and that Scott would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks."); *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241,1257 (D. Kan. 2004); *Dickerson v. Bates*, 287 F. Supp. 2d 1251, 1253-54 n.1 (D. Kan. 2003).
.

[37] *Lundahl*, 296 F.3d at 939-40.

docket entry reflecting service upon defendants,[38] and whether to file a party's pleading or turn it over to a judge for review.[39]   The Court finds that the same rationale that called for application of judicial immunity in those cases is equally applicable to this set of facts.   Iverson, as Clerk of the Court, was required to use her discretion to determine whether to file plaintiff's motion.   Deciding whether the filing requirements have been met is an integral part of the judicial process, and in making that decision, Iverson is absolutely immune from suit for monetary damages.   "[A] clerk must have unfettered discretion to review a complaint or other pleadings supporting the issuance of a summons to determine whether the requisite filing requirements have been met . . . .   In such a case, the defense of judicial immunity should generally apply, regardless of procedural error, motive or good faith."[40]

In his response memorandum, plaintiff primarily discusses the standards applicable to qualified immunity, as opposed to absolute immunity, which is evaluated differently.   Plaintiff argues that a number of sections from the Kansas Statutes Annotated create a nondiscretionary duty on the part of court clerks to file every pleading they receive.   In particular, plaintiff refers the Court to K.S.A. sections 12-4108, 20-343, 20-3102,[41] and 60-205(e) as sources of Iverson's duty to file his motion. None of the sections plaintiff cites imposed a duty upon Iverson to file plaintiff's Motion of Replevin,

---

[38]   *Coleman*, 2004 WL 339590, at *4.

[39]   *Guiden v. Morrow*, 92 Fed. Appx. 663, 665-66, No. 03-3282, 2004 WL 296983, at *1 (10th Cir. Feb. 17, 2004).

[40]   *Coleman*, 2004 WL 339590, at *4 (citation omitted).

[41]   Plaintiff additionally cites K.S.A. 19-1302 as one source of a county clerk's duty to file pleadings.   The Revisor's notes to the 1995 main volume of the Kansas Statutes Annotated explain that sections 19-1301 to 19-1326 were transferred to 20-3101 to 20-3133.   Therefore, section 19-1302 was transferred to section 20-3102, discussed *infra*.

nor do they create a liberty interest upon which plaintiff may base a claim that his due process was violated.  Section 12-4108 is inapplicable, as it deals with municipal court clerks only.  Iverson is a county clerk.  Section 20-343 merely provides that the chief judge of a judicial district appoints the clerk of the court for that district.  Section 60-205(e) does not create a duty on the part of Iverson.  That section only explains how parties are to file documents with the clerks' offices.  The Tenth Circuit has explicitly found that this section, a counterpart to Fed. R. Civ. P. 5, does not create a liberty interest enforceable by an inmate against a court clerk.[42]

Section 20-3102 sets forth a district court clerk's duties as follows: "The clerks of the district courts shall do and perform all duties that may be required of them by law or the rules and practice of the courts, and shall safely keep and preserve all papers, process, pleadings and awards that may be filed, or by law placed in their respective offices."  Even construing plaintiff's complaint liberally, there are no facts to support a violation of this section.  Again, the decision as to whether the Motion of Replevin should have been filed was a discretionary judicial function.  There is also no violation of this statute merely by virtue of the fact that Iverson did not file the motion.  Plaintiff does not allege that Iverson failed to "safely keep and preserve" his motion–only that she intentionally failed to file it.  The statute created no duty upon Iverson to mail plaintiff's motion back to him if it was not filed.  As described below, Iverson used her discretion in exercising her official duties as required by the laws and rules of the court.  Those rules did not allow her to file a motion in a case that had not yet been commenced.  Therefore, because the Court finds that defendant Iverson was performing a judicial act,

---

[42] *Guiden*, 2004 WL 296983, at *2 n.7 (citing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).

and a function that was integral to the judicial process, she is absolutely immune from monetary liability for any alleged constitutional violation under 42 U.S.C. § 1983.

    2.  <u>Other Relief Sought</u>

The Court further finds that there was no "live" case for Iverson to file the Motion of Replevin in, which renders plaintiff's request for injunctive relief and declaratory action moot as it relates to a suit against her in her individual capacity.  The lack of any case number on the motion indicates that there was no existing case in which plaintiff could file his motion in the Cowley County court.  Further, nowhere in plaintiff's complaint or briefs does he assert that he filed a petition in that case.  In Kansas, a case is commenced upon the filing of a petition, or service of process.[43]  Furthermore, "no case shall be filed or docketed in the district court, whether original or appealed, without payment of a docket fee . . . to the clerk of the district court."[44]  Only after a case has been commenced may an individual file a motion of replevin in accordance with the procedures described in K.S.A. 60-1005.  Because there was no case commenced that would allow for plaintiff's Motion of Replevin to have been properly filed, his requests for injunctive relief and a declaratory judgment against defendant Iverson are moot.

Because the Court has disposed of the case against this defendant on other grounds, it will not address defendant Iverson's remaining arguments on the statute of limitations, or improper collateral attack on a state court decision.

    **IT IS THEREFORE ORDERED BY THE COURT** that Defendant Iverson's Motion to Dismiss (Doc. 84) is **GRANTED**.

---

[43] K.S.A. 60-204.  Furthermore, there must be a petition and an answer.  K.S.A. 60-207.

[44] K.S.A. 60-2001, *amended by* 2004 Kan. Sess. Laws 95.

**IT IS SO ORDERED**.

Dated this 4th   day of March 2005.

         S/ Julie A. Robinson
        Julie A. Robinson
        United States District Judge