IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK J. WILKINS,

                Plaintiff,

v.                                                      Case No. 02-3190-JAR

OREN SKILES, JOHN BAUCOM,
ED SANTIAGO, GARY FOILES and
KAREN IVERSON,

                Defendants.

## **ORDER**

This matter comes before the court upon defendants' Motion to Depose Plaintiff Out of Time (Doc. 132). Defendants seek permission to take the plaintiff's deposition after the close of discovery. Plaintiff opposes the defendants' request (Doc. 134).

On September 22, 2004, the court entered a Scheduling Order in this case, setting the deadline for the completion of all discovery for February 25, 2005 (Doc. 104). The Scheduling Order has never been modified. On March 25, 2005, one month after the discovery in this case was to have ended, defendants filed a motion requesting that this court permit an out-of-time deposition of the plaintiff (Doc. 132). In support of their motion, defendants set forth that they believe "the plaintiff's testimony will clear up any confusion regarding the basis of his claims and expedite a trial on the merits." Defendants request that the court grant leave because the plaintiff "will not suffer any prejudice from having his testimony taken outside the deadline set for discovery, and because the trial will not be delayed as a result of this request." Plaintiff objects to the defendants' motion on the grounds that they failed to demonstrate good cause for the delay. Plaintiff further suggests that his deposition is not

necessary in this case as it "will not clear up any confusion regarding the basis of [the plaintiff's] claims."

Fed. R. Civ. P. 6(b) provides that when "an act is required or allowed to be done at or within a specified time," the court may extend the time for completion of such act upon a showing of "cause" if the deadline has not yet expired. If, on the other hand, the deadline has expired, the court may extend the time only upon a showing that the failure to act within the specified time frame "was the result of excusable neglect." "Excusable neglect should be strictly interpreted and, 'with the exception of extraordinary cases where injustice would otherwise result, few cases will ordinarily qualify under the excusable neglect rubric.'"[1] With this guidance in mind, the court has reviewed the defendants' motion and it finds that, although the deadline for the completion of all discovery has long expired, no showing of excusable neglect was even attempted in their motion. It is worth noting that the motion does not even state a good cause basis for failing to depose the plaintiff within the five months allotted for discovery. In fact, no explanation at all is offered for defendants' inactions.

Litigants practicing in Federal courts are constrained by the rules governing such practice. Counsel cannot ignore these rules and appeal solely to the court's discretion. The court, just like the parties, is constrained by the rules which serve to facilitate the quick and efficient resolution of pending matters. Because defendants have not demonstrated excusable neglect for their failure to take the plaintiff's deposition within the time frame prescribed for discovery, their Motion to Depose Plaintiff Out of Time (Doc. 132) is denied.

---

[1] *United States v. Gibson*, 832 F. Supp. 324, 327 (D. Kan. 1993), quoting *Reinsurance Co. of America v. Administratia*, 808 F. 2d 1249, 1251 (7th Cir. 1987).

**IT IS THEREFORE ORDERED** that defendants' Motion to Depose Plaintiff Out of Time is denied.

Dated this 26th day of April, 2005, at Topeka, Kansas.

    s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge